# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAQUESHA COLEMAN, | ) | 1:09-cv-01319 LJO GSA |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S REQUEST |
| | ) | FOR DEFAULT |
| v. | ) | |
| | ) | (Document 12) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action on July 28, 2009. (Doc. 1.) On August 5, 2009, this Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 4.) On that same date, this Court issued its Scheduling Order and Summons to Defendant. (Docs. 5 & 6.) Thereafter, Defendant received service of process on September 30, 2009. (Doc. 10.)

On December 2, 2009, Plaintiff filed a document that the Court construes to be a motion for default judgment following Defendant's purported failure to respond to the summons within sixty days. (Doc. 12.)

Defendant has not failed to timely respond to Plaintiff's complaint. While this Court can certainly understand Plaintiff's confusion with regard to the applicable deadline for Defendant's response, there is no reason to enter default or issue an order to show cause at this time. As outlined

in the Scheduling Order of August 6, 2009, Defendant has 120 days from the date it receives service of process within which to file the administrative record. (*See* Doc. 6 at ¶ 2 ["Within one hundred twenty (120) days after service of the complaint, respondent shall serve a copy of the administrative record on appellant and file it with the court. The filing of the administrative record shall be deemed an answer to the complaint"].)  Thus, because Defendant was served on September 30, 2009, Defendant has through and including January 28, 2010, within which to file the administrative record in this matter. Defendant has not failed to timely respond to Plaintiff's complaint.

Plaintiff's reference within her motion to the Scheduling Order, issued by the undersigned on August 6, 2009, infers her belief that the Scheduling Order is inoperative in light of her having declined the jurisdiction of the magistrate judge. That is not the case. The Scheduling Order issued on August 6, 2009, remains in full force and effect. By declining the jurisdiction of the magistrate judge, Plaintiff has elected to have her case ultimately determined by a district court judge; however, the magistrate judge remains assigned to the case (hence the new case number of 1:09-cv-1319-LJO-GSA) and will eventually issue Findings and Recommendations to the district court following completed briefing in accordance with the Scheduling Order.

Plaintiff should continue to refer to the Scheduling Order of August 6, 2009, for information concerning due dates and deadlines as the Scheduling Order is specific to Social Security appeals and the procedures related thereto.

In the event Defendant does not file the administrative record in a timely fashion, Plaintiff is advised the Court will issue the appropriate order to Defendant.

IT IS SO ORDERED.

Dated:   **December 4, 2009**              **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE