IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LaQUESHA COLEMAN, | ) | 1:09-cv-1319 LJO GSA |
| | ) | |
| | ) | ORDER TO SHOW CAUSE |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On July 28, 2009, Plaintiff filed the present action in this Court. Plaintiff seeks review of the

Commissioner's denial of her application for benefits. On August 6, 2009, the Court issued a

Scheduling Order. (Doc. 6). The Scheduling Order states that within 120 days after service,

Defendant shall file and serve a copy of the administrative record which shall be deemed an answer

to the complaint. The Scheduling order also provides that in cases where a motion to dismiss

pursuant to Fed. R. Civ. P. 12 is warranted, the motion to dismiss shall be filed in lieu of filing the

administrative record. The opposition to the motion to dismiss shall be filed within 14 days. The

reply brief shall be filed within 7 days after service of the opposition.

On or about January 8, 2010, Defendant filed a motion to dismiss. On or about January 13,

2010, Plaintiff filed an opposition to the motion. Pursuant to the Scheduling Order, Defendant's

reply should have been filed on or about January 21, 2010.[1]  Defendant has failed to file a reply by January 21, 2010, pursuant to the order.

Therefore, Defendant is ordered to show cause why sanctions should not be imposed for failure to comply with the court's August 6, 2009, order.  Defendant is ORDERED to file a response to this Order to Show Cause WITHIN twenty (20) days of the date of this Order.   If Defendant desires more time to file the reply, Defendant shall so state in its response.

Failure to respond to this Order to Show Cause within the time specified may result in a denial of the motion to dismiss.

IT IS SO ORDERED.

**Dated:  February 1, 2010**            ___**/s/ Gary S. Austin**___
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that effective December 1, 2009, new rules for calculating time became effective.  See, Fed. R. Civ. P.  6(a).

2