# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAQUESHA COLEMAN, | ) | 1:09-cv-1319 LJO GSA |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE: DEFENDANT'S MOTION TO DISMISS |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security. | ) | (Doc. 14) |
| Defendant. | ) | |

Plaintiff LaQuesha Coleman ("Plaintiff") filed the instant action on July 28, 2009. On January 8, 2010, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendant argues that the Complaint is untimely. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S. Austin, United States Magistrate Judge for findings and recommendations to the District Court.

## **BACKGROUND**

On February 25, 2009, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act. *See,* Declaration of Dennis Ford Dated October 16, 2010 )("Ford Decl.") (Doc. 14-2 at ¶ 3(a)). Plaintiff appealed the action. On April 14, 2009, the Appeals Council denied her request for review. *Id*. In the Notice of Action, the Appeals Council notified Plaintiff that she had 60 days to file a civil action, and the

60 days start to run the day after she receives the Notice. *Id*. Using these dates, Plaintiff had until June 18, 2009, to file her civil action.[1] Plaintiff did not request an extension of time to file a Complaint. *Id*. at ¶ 3(b). Plaintiff filed this action on July 28, 2009. (Doc. 1).

Defendant filed the instant motion to dismiss on January 8, 2010. (Doc. 14-1). Plaintiff filed an opposition on January 13, 2010. (Doc. 17). Defendant filed a reply on February 8, 2010. (Doc. 20).

**DISCUSSION**

A.   Motion To Dismiss Standards

Fed. R. Civ. P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the Court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publ'g Co. v. Gen. Tel.& Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to entitle him to

---

[1] Pursuant to 42 U.S.C. § 405, the only permitted civil action on a claim arising under Title II or Title XVI of the Social Security Act is to review the "final decision of the [Commissioner] made after a hearing" and which must be "commenced within 60 days after mailing to [the claimant] notice of such decision." 20 C.F.R. § 422.210 further provides that a civil action, such as the instant action, "must be instituted **within 60 days** after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . ." (Emphasis added.) The regulation further provides "the date of receipt of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *McCall v. Bowen*, 832 F. 2d 862 (5th Cir. 1987) (Citing 20 C.F.R. § 422.210(c)).

2

relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). When a federal court reviews the sufficiency of a complaint, before the reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

B.  <u>Analysis</u>

  *1. Untimely Complaint*

Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
> 42 U.S.C. § 405(g).

Section 405(g) and (h) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Because the time limit set forth in 42 U.S.C. § 405(g) is a condition on the waiver of sovereign immunity it must be strictly construed. *Bowen v. City of New York*, 476 U.S. at 479. *See, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of commissioner for untimely filing of one day). "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of

stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D.Cal. Oct. 7, 2008) (Snyder, J).

Here, Plaintiff's complaint was untimely because she filed it on July 28, 2009, and that is beyond the sixty-day statute of limitations set forth in 42 U.S.C. § 405(g). (Doc. 1). On April 14, 2009, the Appeals Council sent notice of its action to Plaintiff, informing her of the right to request review and of the right to commence a civil action within sixty days from the date of the receipt. (Doc. 14-2). For purposes of this order, Plaintiff presumptively received notice of the Appeals Council's action no later than April 19, 2009. *See* 20 C.F.R. § 422.210(c). The duration between April 19, 2009 and July 28, 2009 is 101 days, which supercedes the sixty day filing period.[2] Defendant has indicated that no request for an extension of time to file a civil action was made. Ford Decl. at ¶ 3(b) (Doc. 14-2).[3] Accordingly, the Court finds no acceptable explanation for Plaintiff's tardiness.

*2. Equitable Tolling*

Section 405(g) has been strictly construed to permit extensions of time only by the Commissioner pursuant to 20 C.F.R. §§ 404.911 and 416.1411, or by a Court applying traditional equitable tolling principles in cases where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate. *Bowen v. City of New York*, 476 U.S. at 479-82. In *Bowen*, the Plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen v. City of New York*, 476 U.S. at 481. In *Vernon*, Plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended. *Vernon v. Heckler*, 811 F.2d at 1275.

Here, Plaintiff argues traditional equitable tolling is proper. (Doc. 17). In her opposition to the Motion to Dismiss, Plaintiff attaches documents showing an unsuccessful attempt to secure representation by John Waterman, a private practice attorney. *Id*. at pg. 5-7. Waterman

---

[2] Specifically, Plaintiff's complaint is forty-one days past the filing period. *See* Doc. 14-1.

[3] The administrative record in this case is limited to Ford's declaration, the SSA's notice of an unfavorable decision to Plaintiff, and the ALJ's decision. Defendant did not prepare a certified administrative record because, it argues, Plaintiff's complaint was untimely. Doc. 20 at 2. Therefore, Defendant does not have access to the record other than what was submitted with their Motion to Dismiss. *Id. See* Doc. 14-2.

declined to represent Plaintiff because she lacked sufficient medical evidence to support her claim. *Id*. at pg. 7  Specifically, Mr. Waterman provided Plaintiff with verification forms to be filled out by a doctor, and Plaintiff failed to carry out this task. *Id*.  In her opposition brief, Plaintiff states she was "released because verification from doctors had not been completed[.]" (Doc. 17 at pg. 2).   Furthermore, she was "unaware that legal action had not taken place." *Id*.

Plaintiff also attaches the opinion of Ajit Singh Khaira, M.D., to her opposition.  Doc 17 at pg. 8. Dr. Khaira opines Plaintiff has "Psych" symptoms, such as Bipolar disorder, and "disability consistent with Epilepsy." *Id*.  Dr. Khaira also notes Plaintiff "has grand mal epilepsy and [he] has witnessed [Plaintiff having a] seizure in [his] office at least once which was consistent with G.M. epilepsy." *Id*.  Dr. Khaira also opined that Plaintiff has "blur[red]" [sic] speech and needs supervision at all times for grand mal seizures.  Although Plaintiff's opposition is unclear, she appears to assert that these conditions kept her from filing a timely complaint, and that equitable tolling is proper.  The Court rejects Plaintiff's arguments for several reasons.

First, to the extent that Plaintiff is arguing she was unable to timely file her complaint because of a mental or psychological impairment, she has failed to do so.  As a preliminary matter, Dr. Khaira's opinion is not supported by any other evidence, nor is Dr. Khaira a psychologist who can make mental health determinations.  Moreover, a failure to timely file based on mental or physical reasons do not form a basis for the tolling of the statute of limitations.  Equitable tolling principles apply when the cause of action is based on undue influence or when Defendant fraudulently conceals the cause of action. *Bowen v. City of New York*, 476 U.S. at 479; *Vernon v. Heckler*, 811 F.2d at 1277-78.  This is not the case here. Finally, if the basis for Plaintiff's failure to file an appeal is based on mental or physical reasons, Plaintiff could have filed a request for an extension of time with the Commissioner; however, she failed to do so.  *See* 20 C.F.R. §§ 404.982, 416.1482 ("Any party to the Appeals Council's decision or denial of review . . . may request that the time for filing an action in a Federal district court be extended.  The request must be in writing and it must give the reasons why the action was not filed within the stated time period.  The request must be filed with the Appeals Council").

1    A review of the facts demonstrates this is not one of the "rare" cases such as *Bowen v.
2 City of New York*, "in which the equities of tolling are compelling." *Bowen v. City of New York*,
3 476 U.S. at 480-481. Additionally, there is no evidence of misleading conduct by the
4 Commissioner that interfered with Plaintiff's attempt to exercise her right of appeal. *Vernon v.
5 Heckler*, 811 F.2d at 1278. Accordingly, this Court rejects Plaintiff's arguments that the Court
6 should excuse the untimely filing. Inasmuch as the instant Complaint was filed more than sixty
7 days after the receipt of the Secretary's final determination, the action is barred by the sixty-day
8 statute of limitations set forth in 42 U.S.C. § 405(g).

## CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss be GRANTED and that the case be closed.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **June 25, 2010**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE